IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00280-PAB-KMT

PATRIC MARTINEZ,

    Plaintiff,

v.

CHRISTOPHER CAGGIANO,
CHAD BENKELMAN, and
EMILY CARRENO,

    Defendants.

---

# ORDER

---

This matter is before the Court on defendants' Motion to Dismiss [Docket No. 17]. Plaintiff has filed one claim against the defendant police officers for use of excessive force in arresting him. Docket No. 14 at 7-8. The Court has jurisdiction under 28 U.S.C. § 1331.

## I. BACKGROUND

On February 3, 2019, plaintiff took a cab home, but was unable to pay the $22 fare because he had lost his wallet.[1] Docket No. 14 at 3-4, ¶¶ 12-14. The cab driver called 911. *Id.* at 4, ¶ 15. Englewood Police Department officers Christopher Caggiano and Emily Carreno were dispatched to plaintiff's home to respond to the 911 call. *Id.* at 3-4, ¶¶ 9-10, 15-17.

---

[1] These facts are drawn from Plaintiff's First Amended Complaint and Jury Demand, Docket No. 14, and are assumed true for purposes of ruling on the motion to dismiss unless otherwise noted.

Officer Carreno arrived first and entered plaintiff's home, despite the fact that plaintiff did not invite her in. *Id.* at 4, ¶¶ 20-21. Officer Carreno "charged into Plaintiff's home, without a warrant, without probable cause, and began to commit battery upon Plaintiff." *Id.* at 5, ¶ 26. Officer Caggiano then arrived on the scene and joined the assault on plaintiff. *Id.* at 6, ¶ 33. Defendant Chad Benkelman, another Englewood Police Department officer, joined Officer Carreno and Officer Caggiano and "the physical abuse cranked up a notch once Benkelman arrived." *Id.* at 3, 6, ¶¶ 11, 33. Together, defendants threw plaintiff through a glass shelf while Officer Carreno held one of plaintiff's arms. *Id.* at 6, ¶ 34. Officer Caggiano repeatedly struck the back of plaintiff's skull with his knees while plaintiff's face was in the pile of glass that resulted from plaintiff being thrown through the glass shelf. *Id.*, ¶¶ 35-36. Plaintiff "[s]uccumb[ed] to his beating and [] injuries," and defendants handcuffed him. *Id.*, ¶ 37. Emergency personnel who had arrived on the scene transported plaintiff to the Swedish Hospital emergency room. *Id.*, ¶¶ 37-38. Plaintiff had cuts on his face and head injuries. *Id.*, ¶ 39.

Plaintiff was charged with theft, resisting arrest, and obstruction of a peace officer[2] in Arapahoe County case number 2019M310. *Id.*, ¶ 42. At a jury trial, plaintiff

---

[2] Defendants attach three exhibits to their motion to dismiss. They are the state court jury verdict form, Docket No. 17-1, a transcript from the state case, Docket No. 17-2, and the jury instructions. Docket No. 17-3. The motion to dismiss contains a "Statement of Facts" section with additional facts about plaintiff's trial in state court and references to these three exhibits. *See* Docket No. 17 at 3-5, ¶¶ 10-15. In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the challenged complaint itself, but also attached exhibits and documents incorporated into the complaint by reference. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Additionally, the Court may take judicial notice of "facts which are a matter of public record." *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). Defendants argue that the Court

was found guilty of obstructing a peace officer and was acquitted of theft. Docket No. 17-1 at 1-2. The trial court refused plaintiff's request to give the jury a self-defense instruction because plaintiff testified at trial that he did not resist the officers in any way and therefore did not "defend" himself. See Docket No. 17-2 at 12-13.

Plaintiff brings one claim against defendants pursuant to 42 U.S.C. § 1983. Docket No. 14 at 7-8. Plaintiff alleges that defendants used excessive force against him in effectuating his arrest and seeks actual and punitive damages and attorney's fees. *Id*. Defendants filed a motion to dismiss arguing that plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and the doctrine of issue preclusion. Docket No. 17 at 5, 8.

## II. LEGAL STANDARD

The Court's function on a Rule 12(b)(6) motion for failure to state a claim is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim. Fed. R. Civ. P. 12(b)(6); *Dubbs v. Head Start, Inc*., 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). A court must accept all the well-pleaded allegations of the complaint as true

---

may consider these exhibits because they are referenced in the complaint and because they are subject to judicial notice. Docket No. 17 at 3, n.2. Plaintiff does not object to the Court considering these exhibits. *See generally* Docket No. 25. The Court therefore takes judicial notice of these documents. *See Surat v. Klamser*, No. 19-cv-00901-WJM-NRN, 2020 WL 886220, at *4 (D. Colo. Feb. 24, 2020) (taking judicial notice of state court jury instructions). Plaintiff's complaint states that he was charged with theft, resisting arrest, and disorderly conduct, was found guilty of resisting arrest and disorderly conduct, and was acquitted of theft. Docket No. 14 at 7, ¶¶ 42-43. However, the jury verdict forms state that plaintiff was charged with theft, resisting arrest, and obstructing a peace officer. Docket No. 17-1 at 1-3. The forms show that plaintiff was found guilty of obstructing a peace officer, acquitted of theft, and that no verdict was reached on resisting arrest. *Id.*

and must construe them in a light most favorable to the plaintiff.  *See Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson,* 534 F.3d at 1286 (alteration marks omitted).

### III.  ANALYSIS

#### A.  *Heck v. Humphrey*

Section 1983 of Title 42 creates a private right of action against state and local government officials who deprive individuals of their federal constitutional rights.  It provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable" to the injured party in law or in equity.  42 U.S.C. § 1983.

Under the doctrine of *Heck v. Humphrey*, a plaintiff may not maintain a § 1983 claim for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff can show that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . ., or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. However, if the plaintiff's claim, "even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Id*. at 487.

Defendants argue that plaintiff's conviction for obstructing a peace officer means that plaintiff's claim for excessive force is barred by *Heck*. Docket No. 17 at 6. Defendants argue that, "[h]ad the jury in Plaintiff's criminal trial accepted his testimony that the defendant officers went into his house for the purpose of beating him, with no provocation on his part, [the jury] could not have determined that Plaintiff used or threatened to use violence, force, physical interference, or an obstacle, to obstruct, impair, or hinder the officers' enforcement of the law or preservation of the peace." *Id.* Therefore, according to defendants, plaintiff's excessive force claim necessarily implies the invalidity of his conviction for obstructing a peace officer. *Id.* at 7. Plaintiff argues that *Heck* does not bar his claims because he is seeking to recover for the excessive and unreasonable force used, not because he was forcefully arrested. Docket No. 25 at 2.

The Fourth Amendment forbids unreasonable seizures, including the use of excessive force in making an arrest. *Hooks v. Atoki*, 983 F.3d 1193, 1200 (10th Cir.

2020), *petition for cert. filed*, No. 20-7368 (U.S. Mar. 8, 2021).

> To determine whether the force used in a particular case is excessive "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (internal quotation marks omitted). The ultimate question "is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them." *Id*. at 397 (internal quotations marks omitted). This determination "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. at 396.

*Id.* (quoting *Casey v. City of Fed. Heights*, 509 F.3d 1278, 1281 (10th Cir. 2007)). Reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. It is, however, an objective standard. *Id*. at 397.

"An excessive-force claim against an officer is not necessarily inconsistent with a conviction for assaulting the officer. For example, the claim may be that the officer used too much force to respond to the assault or that the officer used force after the need for force had disappeared." *Havens v. Johnson*, 783 F.3d 776, 782 (10th Cir. 2015). To determine the applicability of *Heck* on an excessive force claim, the court must "compare the plaintiff's allegations to the offense he committed." *Id*. The jury was instructed that the elements of obstructing a peace officer are:

(1) that Patric Martinez,
(2) in the State of Colorado, at or about the date and place charged,
(3) knowingly,
(4) by using or threatening to use violence, force, physical interference, or an obstacle,
(5) obstructed, impaired, or hindered,
(6) the enforcement of the penal law or the preservation of the peace by a peace

officer acting under color of his official authority.

Docket No. 17-3 at 2.  Plaintiff's complaint states that he is not contesting the factual basis of his conviction, and "[t]he issue is not whether he resisted, the issue is the reasonableness of putting someone in the hospital over a $20 cab fare."  Docket No. 25 at 5.  Read in the light most favorable to plaintiff, the complaint alleges that the force defendants used to subdue plaintiff was excessive and, in addition, that the defendants used excessive force on him after he was subdued.[3]  *See* Docket No. 14 at 2, ¶ 3 ("[Defendants] mercilessly kicked, beat, punched, threw the Plaintiff threw a glass cabinet, threw him face first into broken glass, and angrily ground his face into broken glass as he plead with them to stop.").

The Court finds that this case is governed by *Martinez v. City of Albuquerque*, 184 F.3d 1123 (10th Cir. 1999).  In *Martinez*, the Tenth Circuit made clear that *Heck* does not bar an excessive force claim for someone found guilty of resisting arrest if the force used to overcome that resistance was excessive: "The state court's finding that Martinez resisted a lawful arrest . . . may coexist with a finding that the police officers used excessive force to subdue him.  In other words, a jury could find that the police officers effectuated a lawful arrest of Martinez in an unlawful manner."  184 F.3d at

---

[3] To the extent plaintiff's complaint alleges that plaintiff did nothing wrong and any use of force by defendants was unjustified, that claim is barred by *Heck*.  *See Havens*, 783 F.3d at 783 (finding plaintiff's claim barred by *Heck* where plaintiff argued that the force was unreasonable because the plaintiff "did nothing wrong" but had pled guilty to attempted first-degree assault of an officer).  However, read in the light most favorable to plaintiff, the complaint alleges that the officers used excessive force to subdue him and does not implicitly allege that plaintiff did not resist or obstruct.  *See* Docket No. 14 at 3-7.  Therefore, *Heck* does not bar plaintiff's claim that the officers used excessive force to subdue him.

7

1127 (internal citation omitted).  Plaintiff here alleges that three police officers began assaulting plaintiff, threw him through a glass shelf, and, while plaintiff was on the ground, one officer used his knee to drive plaintiff's face into a pile of broken glass while plaintiff pled with the officers to stop.  Docket No. 14 at 2, 6, ¶¶ 3, 33, 36.  This sufficiently alleges that the force used to subdue plaintiff and the force used after plaintiff was subdued (i.e., grinding plaintiff's face into broken glass while he was face down on the floor) were excessive.  Plaintiff's claim is not barred by *Heck* to the extent it alleges that defendants used unreasonable force to subdue him.  *See Martinez*, 184 F.3d at 1127 (stating that plaintiff's actions in resisting arrest "might justify the officers' use of reasonable force to effectuate Martinez' arrest, but would not authorize the officers to employ excessive or unreasonable force in violation of Martinez' Fourth Amendment rights").

More recently in *Hooks*, the Tenth Circuit again discussed the extent to which *Heck* will bar a § 1983 claim for use of excessive force to arrest.  In *Hooks*, the plaintiff alleged that police officers used excessive force in effectuating his arrest when they (1) removed him from his car, (2) tried to move the plaintiff toward the police car, (3) wrestled the plaintiff between the two cars, (4) tased the plaintiff, (5) tased the plaintiff again, and (6) placed the plaintiff in a chokehold.  983 F.3d at 1201.  The plaintiff pled no contest to assaulting a police officer.  *Id.* at 1200.  In addition, the plaintiff admitted to actively resisting arrest, which justified the officers in using some force to arrest him.  *Id.*  The court held that *Heck* barred the plaintiff from recovering damages based on the first four alleged uses of force.  *Id.* at 1201.

8

> For [the plaintiff] to prevail on his excessive force claim with respect to these uses, he would need to prove that it was unreasonable for the officers to defend themselves by subduing him . . . . That inquiry would necessarily entail an evaluation of whether and to what extent [the plaintiff] used force against the officers, an inquiry that would take aim at the heart of his criminal plea, thereby violating the spirit of *Heck*.

*Id.* However, the court held that the fifth and sixth alleged uses of force were not barred by *Heck* because it was plausible that the officers were on notice that the plaintiff no longer posed a threat to them after he was tased and collapsed on the ground. *Id.* The court noted that Tenth Circuit cases "have consistently drawn a distinction between reasonable force used to subdue a suspect and unreasonable force used thereafter." *Id.* Plaintiff's complaint here alleges that defendants used unreasonable force after he was subdued; under *Hooks*, this portion of plaintiff's claim is not barred by *Heck*. Docket No. 14 at 2, ¶ 3.

Defendants cite *Dye v. Colo. Dep't of Corr.*, No. 12-cv-02061-PAB-KLM, 2013 WL 1232196, at *7-8 (D. Colo. Mar. 26, 2013), where the court found that the plaintiff's § 1983 claim for excessive force during his arrest was barred by *Heck*. Docket No. 17 at 6-7. In *Dye*, the state trial court gave the jury an instruction on self-defense, but the jury convicted the plaintiff of resisting arrest and obstructing a peace officer. 2013 WL 1232196, at *7. The court in *Dye* found that, because the jury was instructed on self-defense but nonetheless found the plaintiff guilty, the jury necessarily rejected the plaintiff's argument that the officers used excessive or unreasonable force against him. *Id.* The reason is because under Colorado law "self-defense is permissible when unreasonable or excessive force accompanies either lawful or unlawful arrests." *People v. Fuller*, 781 P.2d 647, 650 (Colo. 1989). Therefore, because the jury rejected

the plaintiff's self-defense claim in convicting the plaintiff of resisting arrest and obstructing a police officer, it also necessarily found that the officers did not use excessive force. *Dye*, 2013 WL 1232196, at *7.

In this case, the jury was not instructed on self-defense. Docket No. 17-2 at 13. Because a self-defense instruction was not given, the jury did not necessarily reject the use of excessive force to arrest plaintiff. Defendants argue that the trial court's decision not to give the self-defense instruction should have the same effect as if the jury had decided the issue and cite *Kennedy v. Golden*, No. 13-cv-00920-REB-KLM, 2014 WL 3819486, at *5 (D. Colo. Aug. 1, 2014), *report and recommendation adopted*, 2014 WL 3819486, at *1. Docket No. 17 at 7. In *Kennedy*, the state trial court declined to give the jury an instruction on self-defense because there was "not a scintilla of evidence that excessive force was used." 2014 WL 3819486, at *4. However, in this case, the trial court declined to give a self-defense instruction because there was "not a scintilla of evidence to suggest or to support an instruction that Mr. Martinez obstructed the officers or resisted arrest in order to act in self-defense or defense of premises." Docket No. 17-2 at 12-13. Therefore, a verdict in this case in favor of plaintiff on his § 1983 claim would not necessarily imply the invalidity of Mr. Martinez's conviction in state court since the judge's denial of Mr. Martinez's request for a self-defense instruction was not based on a finding of no excessive force having been used. The Court finds that *Dye* and *Kennedy* are distinguishable from this case.

The Court finds that, under *Martinez* and *Hooks*, plaintiff's claim that defendants used excessive force to subdue him and used excessive force against him after he was

subdued is not barred by *Heck*.

### B. Issue Preclusion

Defendants also argue that plaintiff's claim is barred by the doctrine of issue preclusion. Docket No. 17 at 8. The preclusive effect of a state court judgment is governed by the preclusion rules of that state. *Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., Inc.*, 497 F.3d 1096, 100 (10th Cir. 2007). "Issue preclusion bars relitigation of a legal or factual matter already decided in a prior proceeding." *In re Tonko*, 154 P.3d 397, 405 (Colo. 2007) (footnote omitted). It is a "a judicially created, equitable doctrine intended to 'relieve parties of multiple lawsuits, conserve judicial resources, and promote reliance on the judicial system by preventing inconsistent decisions.'" *Id*. (quoting *Sunny Acres Villa, Inc. v. Cooper*, 25 P.3d 44, 47 (Colo. 2001)).

> A party asserting the defense of issue preclusion must establish four elements:
>
> (1) the issue sought to be precluded is identical to an issue actually and necessarily determined in a prior proceeding; (2) the party against whom estoppel is asserted was a party to or is in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*Id*. The party raising issue preclusion bears the burden of establishing its applicability. *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 85 (Colo. 1999).

The Court finds that the issue sought to be precluded is not identical to an issue actually and necessarily decided in the state trial. "An issue is actually litigated and necessarily adjudicated when a party properly raised the issue and a determination on that issue was necessary to the judgment." *In re Tonko*, 154 P.3d at 405. Defendants

argue that the issues are identical because (1) plaintiff argued that he did nothing to justify the officers' use of force against him in state court, but he was nonetheless convicted of obstructing a peace officer, and (2) plaintiff argued for, but the trial court rejected, a jury instruction on self-defense, which is available when a defendant reasonably believes that an officer is using unreasonable or excessive force. Docket No. 17 at 9. Defendants cite no cases applying issue preclusion to bar a plaintiff's § 1983 claim for excessive force brought after a criminal conviction for obstructing a peace officer. *See id.* at 8-9.

Plaintiff's claim here is different from the defense he presented in state court. Plaintiff alleges that the officers used excessive force to overcome his obstruction and subdue him and used excessive force after he was subdued; however, in state court, plaintiff argued that he did not resist or obstruct the officers. *Compare* Docket No. 14 at 2, ¶ 3 ("For the want of a $20.00 cab fare, Englewood police officers mercilessly kicked, beat, punched, threw the Plaintiff threw a glass cabinet, threw him face first into broken glass, and angrily ground his face into broken glass as he plead with them to stop."); *with* Docket No. 17-2 at 12 ("[Plaintiff] said that he never tried to resist or pull away in any form.").

Defendants' argument that plaintiff "litigated the issue of self-defense in the criminal proceeding" is insufficient to show that the issues are identical. *See* Docket No. 17 at 9. The state court declined to instruct the jury on self-defense because plaintiff's testimony was "entirely to the contrary" of any attempt to defend himself; instead, the state court considered plaintiff's testimony that he "never tried to resist or pull away in any form. He said he did try to pull his face out of the glass. He said he

went limp with fear.  He did not act out purposely against the officers in any way." Docket No. 17-2 at 12.  In light of this testimony, the trial court determined that "there is not a scintilla of evidence to suggest or to support an instruction that Mr. Martinez obstructed the officers or resisted arrest in order to act in self-defense or defense of premises."  *Id.* at 12-13.  This determination by the trial court did not necessarily decide that the defendants did not use excessive force to subdue plaintiff or did not use excessive force on plaintiff after he was subdued.  *Cf. Surat*, 2020 WL 886220, at *6 ("The fact that the suspect was resisting justifies the conviction, and the failure of the self-defense argument conclusively establishes that the force which provoked the resistance was lawful.  But the force used to end that resistance is a separate question." (emphasis omitted)).

In *Martinez*, the Tenth Circuit rejected the defendants' argument that collateral estoppel barred the plaintiff's claim.  184 F.3d at 1127 n.2.  The court stated that, although the plaintiff argued that the officers used excessive force in seeking dismissal of the criminal charges against him, a "determination as to whether the officers' used excessive force against Martinez was unnecessary to his conviction for resisting arrest." *Id.*  As in *Martinez*, a determination as to whether the defendants used excessive force to subdue plaintiff and after plaintiff was subdued was unnecessary to the jury's finding that plaintiff obstructed a peace officer.  *Cf. Robbins v. Chronister*, 2000 WL 1389616, at *5 n.7 (D. Kan. July 28, 2000) (rejecting collateral estoppel argument for same reasons as court rejected *Heck* argument); *Edwards v. Harmon*, 2019 WL 6841980, at *3 (E.D. Okla. Dec. 16, 2019) (finding plaintiff's Fourth Amendment claim for excessive

force not barred by collateral estoppel when plaintiff pled guilty to resisting arrest). The Court finds that the issues of excessive force to subdue plaintiff and after plaintiff was subdued are not identical to an issue actually and necessarily decided in the trial court; therefore, the Court rejects defendants' issue preclusion argument.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendants Christopher Caggiano, Chad Benkelman, and Emily Carreno's Motion to Dismiss [Docket No. 17] is **DENIED**.

DATED March 10, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge